# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | |
|---|---|
| ERICA CAMP, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:18CV278 RLW |
| ANDREW M. SAUL, Commissioner of Social Security,[1] | ) ) ) ) |
| Defendant. | ) ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion to Supplement the Record (ECF No. 21). Plaintiff seeks to add an independent psychiatric evaluation performed on May 6, 2019 and a vocational rehabilitation evaluation performed on July 18, 2019. Both evaluations were completed by one-time consultative examiners, more than one year after the ALJ's decision dated February 9, 2018. Plaintiff argues the evidence is new and material because it relates to her continuing disability from August 15, 2015 until the present date. Defendant opposes the motion, asserting that the evidence pertains to a period outside the August 15, 2015 to February 9, 2018 time period for which benefits are sought, and therefore is not material. Plaintiff did not file a reply. The Court finds the evaluations are outside the relevant period and will therefore deny Plaintiff's motion to supplement the record.

"Section 405(g) generally precludes consideration on review of evidence outside the record before the Commissioner during the administrative proceedings." *Jones v. Callahan*, 122

---

[1] Andrew M. Saul is now the Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Andrew M. Saul should be substituted for Acting Commissioner Nancy A. Berryhill as the Defendant in this suit. No further action needs to be taken to continue this suit by reason of the last sentence of Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

F.3d 1148, 1154 (8th Cir. 1997). Additional evidence could warrant remand but only where a plaintiff shows the new evidence is material and that plaintiff has good cause for failing to incorporate the evidence into the prior record. "Material evidence is that which is 'non-cumulative, relevant, and probative of the claimant's condition for the time period for which benefits were denied.'" *Rehder v. Apfel*, 205 F.3d 1056, 1061 (8th Cir. 2000) (quoting *Jones*, 122 F.3d at 1154)). In addition, there must be a reasonable likelihood that consideration of the new evidence by the Commissioner would have resulted in an award of benefits. *Jones*, 122 F.3d at 1154. "An implicit requirement is that the new evidence pertain to the time period for which benefits are sought, and that it not concern later-acquired disabilities or subsequent deterioration of a previously non-disabling condition." *Id.* (citations omitted).

Here, the relevant time period is August 15, 2015, the date Plaintiff alleges her disability began, through February 9, 2018, the date the ALJ denied Plaintiff's disability claim. *Estes v. Barnhart*, 275 F.3d 722, 725 (8th Cir. 2002). The medical evidence Plaintiff seeks to add to the administrative record is dated over one year after the ALJ's determination. Other than stating conclusory allegations that the new evidence relates to Plaintiff's continuing disability, nothing in Plaintiff's motion demonstrates the evidence is probative of her condition during the relevant time period. The Court finds the reports by a non-treating psychologist and a vocational rehabilitation counselor submitted well-after the relevant time period does not constitute new, material evidence, and the Court need not consider this evidence when addressing Plaintiff's social security appeal. *See Rehder*, 205 F.3d at 1061 (finding remand to consider new evidence was not warranted where the plaintiff submitted a report by a non-treating psychologist completed fourteen months subsequent to the relevant time period). Thus, the Court will deny Plaintiff's motion to supplement the administrative record with new evidence.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Supplement the Record (ECF No. 21) is **DENIED**.

Dated this 21st day of October, 2019.

*/s/ Ronnie L. White*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**